**UNITED STATES of America**

v.

**Walter J. CHAVIS, Jr., Appellant.**

**No. 72–1532.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 3, 1973.

Decided Oct. 26, 1973.

Robert H. Turtle, Washington, D. C., with whom Richard C. Johnson, Wash-

---

35. Paragraph 32 of Ziegler Answer.

ington, D. C. (both appointed by this Court), was on the brief for appellant.

Richard L. Beizer, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, and Robert J. Higgins, Asst. U. S. Attys., at the time the brief was filed, were on the brief for appellee.

Before McGOWAN, TAMM and WILKEY, Circuit Judges.

WILKEY, Circuit Judge:

This case comes before us on a supplemental record following our remand in the original appeal.[1] The facts and issues are amply stated there and will not be repeated here.

Appellant's sole defense was that he was legally insane at the time of the crimes of which he was found guilty. His sole point on appeal is that he did not receive adequate psychiatric assistance to prepare this defense. We agree, vacate the convictions, and remand for a new trial.

By an *ex parte* letter defendant's counsel made timely requests of the trial court for psychiatric assistance under 18 U.S.C. § 3006A(e). This was denied on the ground that the defendant had already received adequate psychiatric assistance. The trial court pointed to the lengthy 15-day examination by government psychiatrists · at St. Elizabeths Hospital, and the 50-minute examination conducted by Dr. Maguigad by order of the court.

The trial court erred in considering these two examinations equivalent to the defendant's right to psychiatric "services necessary to an adequate defense in his case" under § 3006A(e). The psychiatric examination at St. Elizabeths Hospital by government doctors, on defendant's motion under 24 D.C.

Code § 301, resulting in a report that the defendant was sane at the time of the crime, could hardly be considered psychiatric assistance to the defense. Nor could the 50-minute examination by Dr. Maguigad of Legal Psychiatric Services for the benefit of the court, again pursuant to 24 D.C.Code § 301. Examination in a government hospital *may* be helpful to the defense, but here it obviously was not. Examination by Legal Psychiatric Services experts appointed to advise the court may likewise be of assistance to the defense, but here obviously one 50-minute interview by one psychiatrist, with no opportunity to consult personally with the defense attorney before trial, was hardly adequate psychiatric assistance by any test. Defense counsel recognized the true situation, and invoked defendant's rights under § 3006A(e). "Where expert services are necessary to an adequate defense the court must authorize them. . . . The appointment of two experts to investigate [defendant's] competency and sanity did not obviate the defendant's right to his own expert under § 3006A(e)."[2]

On · remand the Legal Psychiatric Services psychiatrist, Dr. Maguigad, testified that prior to trial he felt that his opportunity for examination did not provide sufficient preparation for his testimony at trial, and that further examination would have been both desirable and necessary.[3] He thus seemed to concur with defense counsel's argument before the trial judge at the time he pressed his motion under § 3006A, that a 50-minute examination would not provide a professional judgment sufficiently well grounded to weigh in the scales with the 15-day observation opportunities the psychiatrists of St. Elizabeths had had.[4]

---

1. United States v. Walter J. Chavis, Jr., 476 F.2d 1137 (4 Apr. 1973).

2. United States v. Bass, 477 F.2d 723, 725 (9th Cir. 1973).

3. *See* Remand Transcript at 9–10, 18.

4. Because the doctor, defense counsel, and the trial judge's staff assistants all were un-

certain as to the mechanics, or even possibility, of appointing a Legal Psychiatric Services doctor under § 3006A, no further examination of the defendant was made prior to the calendar call for the case—nor afterwards.

■ The trial judge was led to deny the motion because the prosecutor intervened to oppose it, arguing that the defendant indeed had received adequate psychiatric services. This was a twofold mistake. Firstly, the statute gives the defendant a right to an *ex parte* hearing on a motion under § 3006A. Secondly, the prosecutor who so lavishly sang the praises of the court's Legal Psychiatric Services psychiatrist, both as to professional qualifications and opportunity to examine the defendant, in opposing the defendant's motion, then at trial—as might have been as reasonably anticipated by the prosecutor and trial judge [5] as it was by defense counsel—proceeded by cross-examination and argument to the jury very effectively to discredit the doctor testifying for the defense, on the ground that his own qualifications were inadequate and that he had had a grossly inadequate opportunity to examine and appraise the defendant. Of course, in a second reversal of position, on appeal the Government has told us that indeed Mr. Maguigad's qualifications are of the highest and that he had adequate opportunity to examine the defendant and to assist in the trial of the case. We recognize the right of the prosecutor to take an advocate's position, but two reversals of position are two too many.

By this opinion we do not imply that every defendant's request for *more* psychiatric assistance must be granted. The trial judge's concern here for the public purse was commendable but misplaced. Two, three, or four psychiatrists for the Government and the court do not constitute adequate expert assistance for the defense. The defendant here asked for *only one psychiatrist of his own choice,* with an adequate oppor-

tunity for examination and consultation; this was denied.

Insanity was the defendant's sole defense. This whole record makes convincingly clear that defendant was denied psychiatric assistance sufficient to prepare an adequate defense. All convictions are reversed and the case is remanded for a new trial.

So ordered.

---

5. The statute proviso for *ex parte* application and hearing on defense psychiatric assistance is no detriment to the Government. The prosecution cannot win (in an adversary sense) by taking a position either way. If the prosecutor argues the defense needs more expert assistance, this endorsement is really superfluous to the defense and aids the prosecution (in an adversary sense) not at all. If the prosecutor argues that the defense expert assistance is competent and

with adequate opportunity to examine the defendant, as the prosecutor did here, and the defendant is denied such assistance as a result, the prosecutor should not be allowed to reverse his position and attack the credentials of the defendant's expert witness at trial.

