**UNITED STATES of America, Appellant,**

v.

**Ralph Edward BALOCHI, Appellee.**

**No. 75–1729.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 13, 1975.

Decided Jan. 8, 1976.

John F. Barg, Atty., U. S. Dept. of Justice (William B. Cummings, U. S. Atty., on brief), for appellant.

Frederick T. Stant, III, Virginia Beach, Va. (Clark, Steinhilber, Hofheimer & Stant, Virginia Beach, Va., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

The district court dismissed with prejudice an indictment charging defendant with a violation of the Dyer Act, 18 U.S.C. § 2313; and, under 18 U.S.C. § 3731, the government appeals. The dismissed indictment replaced one count of an earlier indictment that had been dismissed on motion by the government on the morning of trial. Because we think that the district court had discretion under Rule 48(b), F.R.Crim.P., to dismiss an indictment for "unnecessary delay in presenting the charge to the

grand jury" or for "unnecessary delay in bringing a defendant to trial," and that discretion was not exceeded, we affirm.

## I

Defendant was indicted on December 13, 1973, on two counts of receiving, concealing, selling and disposing of stolen motor vehicles. The second count charged an offense on or about October, 1971, involving a 1971 Chevrolet Caprice. The first count charged an offense on or about February 15, 1973, involving a 1973 Champion Motor Home. When the case came on for trial on May 22, 1974, the government's motion to dismiss the second count was granted before the jury was impaneled. The proceedings in reference to the dismissal were not transcribed and the parties are in dispute as to whether the dismissal was with or without prejudice. Defendant was tried on the first count, convicted and sentenced.

On February 11, 1975, defendant was reindicted on the second count. He immediately moved to dismiss the indictment on the grounds that (a) the first dismissal was with prejudice, and (b) the government's delay in bringing him to trial on the 1971 charge violated his sixth amendment right to a speedy trial. The government responded in opposition.

On April 9, 1975, the district court entered a memorandum order granting leave to the defendant to file affidavits in support of his motion to dismiss. On May 29, 1975, the district court wrote a letter to all counsel requesting that the issue be briefed. Defendant's counsel was also requested to file a formal motion for dismissal since his previous filing was in the nature of a memorandum rather than a pleading. The letter stated that the motion would be heard on June 16, 1975. On June 12, 1975, defendant's counsel complied. His filings included a memorandum of facts and law and an affidavit of his version of what occurred at the May 22, 1974, dismissal, i. e., that the dismissal was with prejudice and that the government then represented that its case was weak and

it had no intention of bringing up the charge again.

The government did not respond to the district court's letter of May 29. It filed no brief, and it filed no affidavit to counter that filed by defendant. When the motion came on for hearing on June 16, 1975, the government failed to appear; and when defendant's counsel orally renewed the motion to dismiss, it was granted with prejudice "for failure of the United States to promptly prosecute the case." The court also noted that the government was in default of the request in the May 29 letter and had been in default on other occasions in the same case.

## II

Before us the government treats the case as one of constitutional magnitude. It argues that defendant's constitutional right to a speedy trial was not violated by what transpired and therefore the indictment should not have been dismissed.

We see the case more simply. It is true that defendant raised a sixth amendment constitutional question in his first motion to dismiss and, initially, that and the factual question of what kind of dismissal (with or without prejudice) had been granted on May 22, 1974, preoccupied the parties. But two substantial and significant defaults on the part of the government occurred thereafter, and they occurred in the context of a case which had been long delayed without apparent adequate reason and one in which the uncontroverted affidavit of the defendant's counsel established an unacceptable ambivalence on the part of the government if not an actual misrepresentation to the court.

Under Rule 48(b) the district court was vested with authority to dismiss an indictment if there was "unnecessary delay in presenting the charge to a grand jury," or "in bringing a defendant to trial." This authority supplements the district court's obligation to dismiss indictments in order to protect a defendant's constitutional rights, and it is

broader in compass. We think that on the facts that the record reflects, the district court acted well within its discretion in dismissing this indictment with prejudice on both grounds authorized by the rule.

*Affirmed.*