**UNITED STATES of America, Appellee,**

**v.**

**Allan Wayne REASON, Appellant.**

**No. 76–1797.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 12, 1976.

Decided Feb. 14, 1977.

Hunter W. Sims, Jr., Richmond, Va., for appellant.

Roger T. Williams, Asst. U. S. Atty., Norfolk, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before WINTER, Circuit Judge, FIELD, Senior Circuit Judge, and HALL, Circuit Judge.

WINTER, Circuit Judge:

Allan Wayne Reason, convicted of robbing a federally insured bank, appeals his conviction alleging that he was denied the right under 18 U.S.C. § 3006A(e) to an independent psychiatric examination, and that there was reversible error in allowing a government psychiatrist appointed pursuant to 18 U.S.C. § 4244 to testify on the issue of criminal responsibility. Finding the first contention to be meritorious, we remand for further proceedings.

I.

Between January 17, 1974 and March 1, 1976, Reason was a mental patient largely confined in the Criminal Section of Central State Hospital, Petersburg, Virginia. He was suffering from paranoid schizophrenia.

Reason escaped from the institution on March 1, 1976, robbed a federally insured bank on March 2, and was apprehended a few hours later. On March 11, in response to his counsel's motion pursuant to 18 U.S.C. § 4244 (concurred in by the Assistant United States Attorney), the district court committed Reason to the Medical Center for Federal Prisoners, Springfield, Missouri, for a period of sixty days. There, he was to be examined both for his competency to stand trial and his criminal responsibility for the criminal act he was alleged to have committed.[1]

On March 12, 1976, Reason was admitted to the Center where the staff concluded both that Reason was competent to stand trial and that he was criminally responsible for his acts of March 2. Based on this report, the district court found Reason competent to stand trial. At the institution, a Dr. Ottensmeyer saw Reason for forty-five minutes on March 15, again on March 18 for an undetermined length of time, and at various times in between those dates for short periods. The doctor was responsible for the group of patients that included Reason. Reason's counsel was aware that Dr. Ottensmeyer would probably testify at trial that Reason was responsible for the criminal act.

After Reason was returned to Norfolk on April 8, 1976, his counsel moved for an independent psychiatric examination pursuant to 18 U.S.C. § 3006A(e) based upon Reason's prior history of mental illness and the report of his § 4244 study. Sufficient facts were alleged to show there was substantial uncertainty about the defendant's sanity at the time of the crime. Despite this showing, the district court denied the motion on the ground that there had already been an investigation on the issue under 18 U.S.C. § 4244, the motion was not timely, and a physician at the Central State Hospital, a Dr. Dmitris, could provide any needed information.

---

1. The order entered made clear that Reason was to be examined on both issues. It is not clear whether this dual purpose order was entered on request of counsel or on the court's own motion *sua sponte*.

At trial, the sole issue was criminal responsibility. Dr. Dmitris testified that Reason suffered from a serious mental disease, but Dr. Dmitris was not able to express an opinion on Reason's mental state on the day of the crime as the doctor had not examined Reason within the five days prior to the escape nor subsequent to the robbery. Dr. Ottensmeyer did testify for the government and the jury found Reason guilty.

## II.

■ By its terms, § 4244 permits an examination to determine whether a defendant is "presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense." It does not specifically authorize a determination of sanity as of the time of an alleged offense, as distinguished from the time of trial for that offense, although many times and under various theories a § 4244 examination may be employed for both purposes.[2] In the instant case, we need not explore dual purpose examinations under § 4244 because it seems clear to us that § 3006A(e), insofar as pertinent, affords to an accused the reasonable opportunity to procure the services of a psychiatrist to assist *him* in *his* defense, and the district court denied that right. Dr. Dmitris was unable to testify as to criminal responsibility; Dr. Ottensmeyer was correctly presumed to testify in support of the government's theory of responsibility counter to Reason's defense.

*United States v. Bass,* 477 F.2d 723 (9 Cir. 1973) and *United States v. Chavis,* 159 U.S. App.D.C. 30, 486 F.2d 1290 (1973), are directly applicable and we follow them. In *Bass,* two doctors appointed pursuant to two different § 4244 orders found the defendant to be criminally responsible, yet the court made clear there should still be appointment of a psychiatrist pursuant to § 3006A(e):

> The § 4244 expert is expected to be neutral and detached. The § 3006A(e) expert fills a different role. He supplies expert services "necessary to an adequate defense." He can be a partisan witness. His conclusions need not be reported in advance of trial to the court or to the prosecution. 477 F.2d at 725–26.

*United States v. Theriault,* 440 F.2d 713, 715 (5 Cir. 1971).

Similarly, in *Chavis,* there was a fifteen-day examination by government psychiatrists and a fifty-minute examination by a doctor connected with a legal psychiatric service. Both examinations led to a finding of criminal responsibility. Finding this set of examinations not to provide sufficient services necessary to an adequate defense, the court determined the defense should have had a psychiatrist appointed pursuant to § 3006A(e).

## III.

■ Having concluded there was error in the district court's refusal to appoint a § 3006A(e) psychiatric expert, we must determine the correct action to be taken. We follow our previous decisions in *United States v. Taylor,* 437 F.2d 371, 379 (4 Cir. 1971); and *United States v. Walker,* 537 F.2d 1192, 1196 (4 Cir. 1976), and suspend the judgment of defendant's conviction and remand his case to the district court for appointment of a psychiatric expert of defendant's selection to make a post-trial examination.[3] The psychiatrist will submit his conclusions to the court but not the prosecution.[4] If the psychiatrist concludes

---

**2.** Dual purpose examinations under § 4244 have been sustained under a court's inherent power to require a psychiatric examination, *United States v. Malcolm,* 475 F.2d 420 (9 Cir. 1973); *United States v. Moudy,* 462 F.2d 694 (5 Cir. 1972). In *United States v. Walker,* 537 F.2d 1192, 1195 n. 6 (4 Cir. 1976), we said that a dual purpose examination was ordered under § 3006A(e).

**3.** Remand is indicated in a case like the instant one where defendant's strategy was not affected by the error but only the strength of defendant's expert testimony. *See United States v. Taylor,* 437 F.2d 371, 379 (4 Cir. 1971) (Sobeloff, J., concurring and dissenting).

**4.** While advice and opinion derived from a § 3006A(e) examination should not ordinarily

that Reason was not responsible for his acts, there will be "a substantial question of criminal responsibility," *Taylor, supra* at 379, and the judgment of conviction will be vacated and a new trial granted. Otherwise, the judgment of conviction will stand affirmed because the district court's error in denying a § 3006A(e) examination will have been shown to have been harmless if the psychiatrist of Reason's selection agrees that Reason was criminally responsible for his acts. If, however, a determination of criminal responsibility cannot be made by the § 3006A(e) expert solely because the examination was delayed, the judgment will be reversed without a new trial.

### IV.

■ Since under our directions Reason may be retried, we state that neither § 4244 nor the Fifth Amendment precludes the use of the testimony of the government's psychiatrist with regard to criminal responsibility when defendant has already introduced his witnesses on the issue of sanity, the original court order apprised the defendant that the psychiatrist would be ex-

be communicated to the court, the posture of this case must dictate otherwise. *United*

amining both for competency and responsibility, and the only issue is criminal responsibility for the act that defendant admits that he committed. *United States v. Reifsteck,* 535 F.2d 1030 (8 Cir. 1976); *United States v. McCracken,* 488 F.2d 406 (5 Cir. 1974); *United States v. Malcolm,* 475 F.2d 420, 427 (9 Cir. 1973); *United States v. Albright,* 388 F.2d 719, 725–26 (4 Cir. 1968). *See generally United States v. Alvarez,* 519 F.2d 1036 (3 Cir. 1975); *United States v. Moudy,* 462 F.2d 694 (5 Cir. 1972); *Ashton v. United States,* 116 U.S.App.D.C. 367, 324 F.2d 399 (1963). *Compare United States v. Matos,* 409 F.2d 1245 (2 Cir. 1969), *cert. denied,* 397 U.S. 927, 90 S.Ct. 934, 25 L.Ed.2d 107 (1970) *with United States v. Driscoll,* 399 F.2d 135 (2 Cir. 1968).

REMANDED WITH DIRECTIONS.