**The UNITED STATES of America,**
**Appellee,**

v.

**Richard LOE, Appellant (two cases).**
**Speedy Trial Law Project,**
**Amicus Curiae.**

**The UNITED STATES of America,**
**Appellee,**

v.

**Richard LOE, Appellant.**

**Nos. 77–2295, 78–5069 and 78–5070.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 6, 1978.

Decided Nov. 17, 1978.

---

24. *See Doe v. Hampton, supra,* at 279 (566 F.2d).

Robert S. Catz, Washington, D. C. (Peter Fuchs, Barbara Kammerman, Antioch School of Law, Washington, D. C., on brief), for appellant in 77 -2295 and 78--5070.

Andrew W. Wood, Richmond, Va. (White & Wood, P.C., Richmond, Va., on brief), for appellant in 78--5069.

Robert F. McDermott, Jr., Asst. U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., Elizabeth R. Francisco, Sp. Asst. U. S. Atty., Washington, D. C., on brief), for appellee.

Noal S. Solomon, Atlanta, Ga., Speedy Trial Law Project, on brief, for amicus curiae in 77 -2295 and 78 5070.

Before WINTER, Circuit Judge, COWEN,* Senior Judge, and RUSSELL, Circuit Judge.

WINTER, Circuit Judge:

These consolidated appeals are from the judgments entered on separate convictions for the robberies of a branch of the United Virginia Bank in Richmond on October 6, 1975 (No. 78 5069), and of the Annandale Office of the Clarendon Bank and Trust

---

* Wilson Cowen, Senior Judge, United States Court of Claims, sitting by designation.

Company on October 22, 1975 (Nos. 77–2295, 78–5070). Because we find no merit in the various grounds asserted on appeal, we affirm.

### I.

Richard C. Loe was indicted for the Annandale robbery under 18 U.S.C. § 2113(a), (d). On November 28, 1975, he pleaded guilty to the count charging a violation of § 2113(a) pursuant to a plea agreement. The terms of the agreement were that, in exchange for the plea, the government would drop the charge under § 2113(d) and would not seek indictment for the Richmond robbery. The district court subsequently denied Loe's request, made before the imposition of sentence, for permission to withdraw his guilty plea, but on appeal we vacated the district court judgment and ordered that Loe be permitted to plead anew. *United States v. Loe*, 551 F.2d 310 (4 Cir. 1977) (unreported).

While that appeal was pending, Loe was transferred to the custody of Virginia state authorities for proceedings in connection with charges arising from the Richmond robbery. Loe was examined briefly by a psychiatrist, Dr. R. Finley Gayle, III, who determined that Loe was not competent to stand trial. The state charges against Loe were subsequently dropped, and Loe was returned to federal custody.

On March 11, 1977, pursuant to our decision, Loe was rearraigned on the Annandale robbery charges, and he pleaded not guilty. On motion of the government, the district court ordered that Loe be examined by a psychiatrist appointed by the court who was ordered to report his analyses and findings within five days. After a brief examination of Loe, Dr. Erich M. Reinhardt, the psychiatrist who was appointed, reached the tentative conclusion that Loe was not competent to stand trial, but Dr. Reinhardt

suggested that a more thorough and extended examination be conducted. On March 28, 1978, the district court therefore ordered that, pursuant to 18 U.S.C. § 4244, Loe be transferred to the Federal Correctional Institution at Springfield, Missouri, for evaluation of both his competency to stand trial and his mental capacity at the time of the Annandale robbery. Loe was admitted to the Springfield facility on May 14, 1977.[1] After a period of observation lasting more than five weeks, Dr. Nicola Kunev concluded that Loe was competent to stand trial and was responsible for his acts at the time of the robbery. Ultimately the district court found Loe competent to stand trial.

After Loe's release from Springfield, his trial was scheduled for August 3, 1977. It was continued until August 23 on Loe's personal request for time to consider the filing of pretrial motions.

At trial, the only real issue was Loe's sanity at the time of the robbery. Doctors Reinhardt and Gayle, as well as a number of lay witnesses, testified on Loe's behalf on that issue. The government called Dr. Kunev as a rebuttal witness, who testified to Loe's sanity at the time of the robbery. The jury found Loe guilty as charged.

■ Meanwhile, on August 2, 1977, Loe was indicted under 18 U.S.C. § 2113(a), (d) for the bank robbery in Richmond.[2] Trial on these charges was held on September 9, 1977, and resulted in a verdict of guilty. No issue of competency to be tried or sanity at the time the crime was committed was raised by the defense.

### II.

Before us, Loe's principal contention is that he was denied due process in the prosecution for the Annandale robbery by virtue of the greater psychiatric resources availa-

---

**1.** The record does not disclose the reason for the delay in Loe's transfer to Springfield. At oral argument, defense counsel suggested that the delay may have been due to an unrelated physical injury sustained by Loe. No claim is made that there was any deliberate delay on the part of the government.

**2.** Since Loe had withdrawn his guilty plea in the Annandale case, the government was no longer bound by its agreement not to proceed in the Richmond case.

ble to the government than to the defense. This imbalance of resources is said to constitute "fundamental unfairness."

██ Whatever merit there may be in this theory in the abstract, we find no denial of due process in the instant case. The district court honored every request made by the defense for psychiatric services. The district court granted defense motions for compensation for Doctors Reinhardt and Gayle, both of whom had testified on Loe's behalf. While Loe may have been entitled to further extended examination by another psychiatrist appointed for his benefit under 18 U.S.C. § 3006A(e), see *United States v. Reason*, 549 F.2d 309, 311 (4 Cir. 1977), no request for such an examination, or for any other psychiatric services, was made. In the absence of such a request and of any indication that a further extended examination would have contradicted the findings of Dr. Kunev,[3] we must reject Loe's due process claim.[4]

### III.

██ Loe also appeals from the Annandale conviction on the ground that certain testimony was admitted in violation of the exclusionary rules of 18 U.S.C. § 4244. First, Loe focuses on certain testimony concerning his competency to stand trial elicited by the government from Doctors Reinhardt and Gayle on cross-examination and from Dr. Kunev in rebuttal. This testimony, Loe claims, violated the mandate of § 4244 that no finding by the trial court of defendant's competency shall be introduced on the issue of insanity or otherwise be brought to the notice of the jury.[5]

We believe that the exclusionary rule of § 4244 was not violated under the circumstances of this case. The psychiatrists' *opinions* of defendant's competency, not the *finding* of the trial court itself, were introduced.[6] The testimony was impeachment of evidence of incompetency *previously introduced by the defense.* Moreover, no objection to the testimony was made at trial.

██ Second, Loe challenges under § 4244[7] the admission into evidence of his statements that he had a drinking problem and that he would not discuss his legal charges with the doctor but only in court, which he made to Dr. Kunev during his examination at Springfield. At most, we think that Loe's statements only tangentially reflect on his guilt, but in any event Loe's claim is foreclosed by the holding of this court in *United States v. Reason*, 549 F.2d 309, 312 (4 Cir. 1977):

> [N]either § 4244 nor the Fifth Amendment precludes the use of the testimony of the government's psychiatrist with regard to criminal responsibility when defendant has already introduced his witnesses on the issue of sanity, the original

---

3. On cross-examination, Dr. Reinhardt testified that in spite of his opinion that Loe was insane and incompetent, he would not be surprised if a more thorough examination would lead to the opposite conclusion, since mental illness is much more difficult to feign over an extended period of time.

4. In a somewhat related claim raised in supplemental *pro se* briefs, Loe charges that he was denied the effective assistance of counsel in both cases by his attorneys' failure adequately to investigate and prepare defenses of incompetency and insanity. We find the record insufficient to decide this claim, since there is no indication of the reasons for counsel's decisions not to seek further psychiatric examinations. We therefore reject Loe's claim on appeal, without prejudice to any opportunity he may have to raise it by a motion under 28 U.S.C. § 2255.

5. 18 U.S.C. § 4244 provides in pertinent part: A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury.

6. *See, e. g., United States v. Fortune*, 513 F.2d 883, 888 (5 Cir.), *cert. denied*, 423 U.S. 1020, 96 S.Ct. 459, 46 L.Ed.2d 393 (1975).

7. The applicable provision of 18 U.S.C. § 4244 reads: No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section . . . shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding.

court order apprised the defendant that the psychiatrist would be examining both for competency and responsibility, and the only issue is criminal responsibility for the act that defendant admits that he committed.[8]

## IV.

■ Loe contends that the delay in bringing the Annandale robbery case to trial after the decision of this court permitting him to withdraw his guilty plea violated the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161(e), 3164. The briefs discuss extensively whether the delay in commencing trial violated the complex requirements of §§ 3161(e)[9] and 3164. We do not decide these issues, however, since we hold that even if these sections were violated, Loe was not entitled to dismissal of the indictment.

The sanction of dismissal for violation of certain subsections of § 3161 is prescribed in § 3162. No such sanction is specified in § 3162, however, for violation of § 3161(e). Even if § 3162 is construed to be applicable to § 3161(e), Congress specifically provided that § 3162 shall not take effect until July 1, 1979. *See* 18 U.S.C. § 3163. Thus, Loe had no right to dismissal of his indictment for violation of § 3161(e).

■ Loe insists that even if he had no right to relief under § 3162, the district court should have dismissed the indictment under F.R.Crim.P. 48(b). Dismissal under Rule 48(b) is committed to the sound discretion of the district court. *See, e. g., United States v. Lane,* 561 F.2d 1075 (2 Cir. 1977); 3 C. Wright, *Federal Practice and Proce-*

dure § 814, at 319 (1969). *See also United States v. Balochi,* 527 F.2d 562 (4 Cir. 1976). We find no abuse of such discretion by the district court, especially in light of the fact that the final delay of twenty days occurred as a result of Loe's request for a continuance. *Cf. Barker v. Wingo,* 407 U.S. 514, 531–32, 534–36, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (noting importance of failure of accused to request speedy trial in determining existence of sixth amendment violation).[10]

■ For similar reasons, we find that Loe was not entitled to relief for any violation of § 3164. That section provides for trial within a specified period of "detained persons who are being held in detention solely because they are awaiting trial." Failure to commence trial within the prescribed period must result in automatic release of the detainee if the delay is "through no fault of the accused or his counsel." This condition for automatic release was not met in the instant case, where the final twenty-day continuance was requested by the defendant.

## V.

Loe appeals from his conviction for the Richmond bank robbery on the ground that there is not sufficient evidence to sustain the conviction. From our review of the record, we find the evidence, construed in a light most favorable to the government, to be sufficient to permit the jury to find Loe guilty beyond a reasonable doubt. *See, e. g., United States v. Sherman,* 421 F.2d 198 (4 Cir.), *cert. denied,* 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970).

*AFFIRMED.*

---

**8.** The decision in *Reason* should be contrasted with the decision in *Gibson v. Zahradnick,* 581 F.2d 75 (4 Cir.), *cert. filed sub nom. Mitchell v. Gibson,* —— U.S. ——, 99 S.Ct. 597, 58 L.Ed.2d —— (1978), which held that a defendant's confession of guilt to the psychiatrist who examined him to determine his sanity could not be admitted into evidence as part of the state's direct case on the issue of guilt. *Gibson* is distinguishable because the confession was used to prove guilt as such. In *Reason,* as in the instant case, evidence of guilt was offered only as proof of sanity to rebut the evidence of insanity that the accused had already offered.

**9.** Both parties presume the applicability of § 3161(e), which specifies time limits for retrial after successful appeal or collateral attack by an accused. We therefore do not consider whether the case is rather governed by § 3161(i), which sets time limits for proceedings following the withdrawal of a guilty plea.

**10.** We, of course, do not decide whether or not a defendant's request for a continuance must deprive him of any right to dismissal under § 3162 once that section takes effect.