Cecil **WOOD, Jr., Petitioner,**

v.

Robert Frank **ZAHRADNICK,**
**Respondent.**

**Civ. A. No. CA75–0444–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 17, 1979.

Gregory E. Stambaugh, John D. Grad, Alexandria, Va., for petitioner.

Jim L. Chin, Asst. Atty. Gen., Richmond, Va., for respondent.

MEMORANDUM

MERHIGE, District Judge.

Respondent, Superintendent of the Virginia State Penitentiary, has filed a Rule 59(e), F.R.Civ.P. motion to alter or amend this Court's July 9, 1979 judgment granting petitioner Cecil Wood, Jr.'s petition for writ of habeas corpus. Petitioner has responded to respondent's motion, and the matter is ripe for disposition.

In a previous opinion, filed March 29, 1977, this Court had held that, at and prior to his criminal trial in the Circuit Court of Nansemond County, Virginia, petitioner

had been denied his constitutional right to effective assistance of counsel. *See, Wood v. Zahradnick*, 430 F.Supp. 107 (E.D.Va. 1977). Despite the extremely unusual circumstances of the crimes of which petitioner had been charged and the bizarre actions of petitioner, petitioner's trial attorney failed to investigate possible defenses relating to petitioner's competency to stand trial or mental capacity at the time of the commission of the offense. The state convictions stemmed from petitioner's rape and brutal beating of a 67 year old woman with whom he long and fondly had been acquainted.

Petitioner had consistently asserted throughout the criminal proceedings that, shortly before the crimes, he had taken several bags of heroin, had drunk bootleg whiskey, and that he did not remember committing any of the offenses. Without passing either upon the credibility of petitioner's assertions or petitioner's criminal responsibility for his actions, this Court specifically noted that "Dr. Davies, a psychiatrist, was of the opinion that the facts surrounding the crime are consistent with the medical condition termed alcoholic pathological intoxication." *Wood, supra*, 430 F.Supp. at 112.

The Fourth Circuit Court of Appeals, while affirming this Court's holding that petitioner had been denied the effective assistance of trial counsel, nonetheless remanded the case to give the state the opportunity to prove beyond a reasonable doubt that the trial lawyer's failure to seek psychiatric examination of petitioner was harmless. "That would be established if psychiatric examination now may result in a competent determination that Wood is not now and was not then subject to a psychotic reaction to alcohol." *Wood v. Zahradnick*, 578 F.2d 980, 982 (4th Cir. 1978).

After hearing testimony from one psychiatrist, who had examined petitioner for possible alcoholic pathological intoxication, and from another psychiatrist, who had reviewed the facts of the case, as well as the tests and results, this Court concluded that the psychiatric examination did not lead to a competent determination that petitioner was not subject to psychotic reaction to alcohol at the time of the commission of the offenses. This Court, therefore, in its July 9, 1979 memorandum and order, issued a writ of habeas corpus, declaring petitioner's February 14, 1972 state court convictions and sentences to be null and void and ordering respondent to release petitioner from further custody arising from those convictions.

Respondent does not ask this court to alter or amend that portion of the judgment ordering issuance of the writ. Respondent notes, however, that this court ordered respondent to release petitioner from further state custody arising from the February 14, 1972 convictions, without giving the state the opportunity to retry petitioner. Respondent has moved the court to amend or alter its judgment so as to declare that the state may retry petitioner within a reasonable time.

In support of his motion to alter or amend judgment, respondent contends that there is abundant case law which stands for the proposition that the state should be given an opportunity to retry the petitioner despite this court's holding that the seven year delay between the commission of the offenses and the psychological testing of petitioner deprived petitioner of his "right to assert a defense of having suffered a psychosis at the precise time of the offenses." Mem. op. at 6.

Respondent cites the following cases as support for his assertion that retrial and redetermination of mental competency is permissible even if, as in this case, several years have elapsed between the original trial and the grant of habeas corpus relief: *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *United States v. Ives*, 574 F.2d 1002 (9th Cir. 1978); *Bruce v. Estelle*, 536 F.2d 1051 (5th Cir. 1976), *cert denied*, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977); *Tillery v. Eyman*, 492 F.2d 1056 (9th Cir. 1974; *Clark v. Beto*, 415 F.2d 71 (5th

Cir. 1969); *Roach v. Bennett*, 319 F.Supp. 79 (S.D.Iowa, 1970); *White v. Rhay*, 266 F.Supp. 270 (E.D.Wash.1966), *aff'd.* 385 F.2d 883 (9th Cir. 1967).

The courts in each of the cited cases dealt with an alleged inadequate determination of a criminal defendant's mental competency either to stand trial or to enter a guilty plea. These cases are inapposite to the issue in this case. The question here, after remand from the Court of Appeals, is not whether petitioner was competent to stand trial, but whether petitioner was suffering from alcoholic pathological intoxication when he committed the October 31, 1971 offenses, and was thus not criminally responsible under Virginia law for his actions. A person's mental competency to stand trial and his mental condition at the time the offenses were committed are two fundamentally different issues.

Because a person's mental condition may either improve or deteriorate over time, one who was not mentally competent to stand trial when originally tried may nonetheless be mentally competent to stand trial at a point in time several years thereafter. In recognition of this fact, the courts in the cases cited by respondent have, several years after the defendants' trials, allowed states to retry criminal defendants upon determinations that the defendants, at the time of the new trials, were mentally competent to stand trial.

In contrast, a defendant's criminal responsibility for his actions, unlike his mental competency to stand trial, relates solely to his mental condition at the time he committed the offenses.

The Fourth Circuit Court of Appeals has clearly articulated this basic distinction.

Whether a person charged with crime is mentally competent to stand trial is a discrete question, governed by different medical and legal standards from the question of mental responsibility. To be competent to stand trial a defendant must have, at the time of his trial, "sufficient present ability to consult with his lawyer with a reasonable degree of understanding—and * * * a rational as well as factual understanding of the proceedings against him." A claim that the defendant was not criminally responsible, on the other hand, is unconcerned with the defendant's understanding of his situation at the time of [the] trial, but is directed entirely to his capacity to understand and to control his conduct at the time of the commission of the offense. . . . That a defendant may have exhibited such an absence of capacity to control his conduct as to indicate the possibility of a defense of insanity does not, of itself, answer the wholly different question of whether his understanding is presently so limited as to require that he not be tried at all. The one question may have little or no bearing upon the other, for many defendants who may not be held criminally responsible for their unlawful acts are clearly competent to stand trial.

*United States v. Taylor*, 437 F.2d 371, 375–376 (4th Cir. 1971) (footnote omitted).

In determining whether to allow the state to retry petitioner, this court's inquiry, upon remand, was therefore limited to whether, seven years after his trial, petitioner would have a fair opportunity to prove that, when he committed the offenses, he suffered from alcoholic pathological intoxication which rendered him insane and not criminally responsible under Virginia law for his acts.

After stating that it was following its previous decisions in *United States v. Taylor*, 437 F.2d 371 (4th Cir. 1971) and *United States v. Walker*, 537 F.2d 1192 (4th Cir. 1976), the Fourth Circuit Court of Appeals in *United States v. Reason*, 549 F.2d 309 (4th Cir. 1977) set forth the test for determining when the government should be allowed to retry a criminal defendant who was denied his statutory right to have a timely independent psychiatric examination of his sanity and resultant criminal responsibility for his actions.

. . . We . . . suspend the judgment of defendant's conviction and remand his case to the district court for

appointment of a psychiatric expert of defendant's selection to make a post-trial examination . . . If the psychiatrist concludes that Reason was not responsible for his acts, there will be "a substantial question of criminal responsibility," . . . and the judgment of conviction will be vacated and a new trial granted. Otherwise, the judgment of conviction [shall] stand affirmed because the district court's error in denying a § 3006A(e) examination will have been shown to have been harmless if the psychiatrist of Reason's selection agrees that Reason was criminally responsible for his acts. *If, however, a determination of criminal responsibility cannot be made* by the § 3006A(e) expert *solely because the examination was delayed, the judgment will be reversed without a new trial.*

*United States v. Reason, supra,* 549 F.2d at 311–312. (Emphasis added and footnote omitted).

Although the *Reason* case was a direct appeal involving a statutory violation, the court's rationale is nonetheless applicable in this habeas corpus action to determine whether the constitutional error could be remedied upon retrial. This is a case, as this court concluded in its July 9, 1979 memorandum, in which, after a seven year delay between trial and psychiatric examination, gaps in the facts in the record and the information available to the examining psychiatrist simply precluded a certain and accurate determination of criminal responsibility. To now allow the state to retry petitioner, when his opportunity to prove an insanity defense would be hampered to a substantial degree, would work a deprivation of due process.

Respondent's motion to amend or alter is denied.