46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Floyd GADSON, Defendant-Appellant.
 No. 94-5490.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1995.
Decided Feb. 1, 1995.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, Chief District Judge. (CR-93-33-3-2-MU).
 J. Douglas Hill, Charlotte, NC, for Appellant. Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before WILKINSON and MOTZ, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Floyd Gadson appeals from the district court's order denying his motion on speedy trial grounds to dismiss his indictment pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure. Following this denial, a jury convicted Gadson of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846 (1988). We affirm his conviction.
 
 
 2
 In January 1992, Gadson was indicted in the District of South Carolina for violating federal narcotics and gun laws. Gadson was arraigned and released on bond. In February 1993, Gadson was indicted in the Western District of North Carolina in a one-count indictment alleging his involvement in a drug distribution conspiracy. Two continuances were granted to Gadson by the district court prior to his arraignment in North Carolina on September 2, 1993.
 
 
 3
 Four days before trial in the Western District of North Carolina, Gadson filed a motion to dismiss the indictment, pursuant to Federal Rule of Criminal Procedure 48(b), alleging that his Fifth and Sixth Amendment rights to a speedy trial were violated. The court conducted a hearing and denied the motion. At trial, Gadson renewed his motion to dismiss the indictment after the close of the government's case. The court considered the motion to dismiss the indictment in light of the circumstances and evidence as outlined in Barker v. Wingo, 407 U.S. 514 (1972), and denied the motion finding Gadson's right to a speedy trial had not been violated. The district court's decision to dismiss an indictment under Rule 48 will only be overturned on a clear showing of abuse of discretion. United States v. Loe, 586 F.2d 1015, 1019 (4th Cir.1978), cert. denied, 440 U.S. 927 (1979).
 
 
 4
 Nineteen months passed between the date of the first indictment in South Carolina and the trial in North Carolina. However, the mere passage of time without more is generally not sufficient to presume the defendant was actually prejudiced. See United States v. Edwards, 577 F.2d 883 (5th Cir.), cert. denied, 439 U.S. 968 (1978) (twenty-one month delay insufficient); United States v. Frost, 431 F.2d 1249 (1st Cir.1970), cert. denied, 401 U.S. 916 (1971) (thirty-one month delay insufficient). Other factors must be considered to determine whether dismissal is warranted.
 
 
 5
 While Gadson agrees that the district court was correct in using the Barker v. Wingo analysis, he believes the court erred in its conclusion because it overlooked certain facts and improperly discounted others. He argues that there were important and meaningful differences in the treatment by the Government of those persons named in the superseding indictment and that the queries to the prosecution into the status of his case by his counsel in South Carolina after June 1992, were ignored. Those differences, Gadson argues, resulted in a violation of his rights to a speedy trial and due process.
 
 
 6
 Gadson asserts that the different treatment received by his co-indictees has resulted in a violation of his rights, yet never explains how he was actually prejudiced. Two of his co-indictees were allowed to plead guilty under the original or superseding indictments, and the fourth indictee was never prosecuted but was cooperating with the government and testified at trial. Contrary to what Gadson implies, the government did attempt to arrange a plea agreement on the original indictment with Gadson. Gadson's co-indictees were in fact treated differently, but that is because they and Gadson chose to deal with the government in different ways. His co-indictees either pled guilty or provided assistance to the government while Gadson chose to go to trial. The district court found no evidence of prosecutorial misconduct in the handling of the case and the government should not be penalized because some defendants chose to go to trial and others to enter into plea agreements.
 
 
 7
 The district court found that Gadson failed to assert his right to a speedy trial until four days before his trial was to begin or nineteen months after he was first indicted. On appeal, Gadson argues the district court should have given greater weight to the informal inquiries made to the prosecution by his counsel in South Carolina about the status of the case. However, those informal inquiries were in the words of Gadson's counsel, "casual conversation," and not an assertion of speedy trial rights. Gadson's South Carolina counsel testified at the Rule 48 hearing that as a tactical decision he purposely did not assert Gadson's right to a speedy trial. Nor, as part of that same reasoning, that delay was in the best interest of his client, did Gadson's South Carolina counsel attempt to have the superseding indictment unsealed and served upon Gadson. Moreover, Gadson's counsel in North Carolina was aware as much as six months before trial of the possible overlapping nature of the case, yet waited until the eve of the trial before asserting Gadson's speedy trial rights. Gadson's failure to assert his speedy trial rights does not constitute a waiver, but the district court was correct in weighing it against him in determining whether he was in fact denied a speedy trial. Barker, 407 U.S. at 524-29.
 
 
 8
 Finally, prejudice to Gadson in the following areas must be considered: (1) oppressive pretrial confinement; (2) anxiety and concern of accused; and (3) the possibility that the defendant's defense was impaired. Barker, 407 U.S. at 532. Here Gadson was free on bond during the entire nineteen months he was under indictment and the district court properly found that the anxiety and stress of possible incarceration was no greater than any other defendant facing a criminal action. Most importantly, Gadson made no showing of how his defense was prejudiced by the delay. Gadson made no claims that evidence or witnesses were unavailable during discovery or at trial. He must show actual and substantial, as opposed to possible, prejudice occurred as a result of the delay. United States v. Koller, 956 F.2d 1408, 1414 (7th Cir.1992). Any prejudice suffered by Gadson due to the delay was minimal and does not warrant a dismissal.
 
 
 9
 In light of all the factors, we conclude that Gadson failed to prove that a violation of his right to a speedy trial occurred. The district court properly denied his Rule 48(b) motion to dismiss the indictment. Accordingly, Gadson's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.