**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 19-4935**

---

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

WALTER GRAVES, a/k/a Walter James Tucker, a/k/a Walter Tucker, a/k/a Thomas Woodel, a/k/a Walter James Graves,

> Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:18-cr-00161-REP-1)

---

Submitted: January 29, 2021                     Decided: February 17, 2021

---

Before WILKINSON, HARRIS, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Patricia Palmer Nagel, LAW OFFICES OF PATRICIA PALMER NAGEL, PLC, Williamsburg, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Daniel T. Young, Assistant United States Attorney, Alexandria, Virginia, Stephen W. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Walter Graves of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d). The district court calculated Graves's sentencing range under the U.S. Sentencing Guidelines Manual (2018) at 110 to 137 months' imprisonment and sentenced Graves to 137 months' imprisonment. Graves timely appealed and challenges his conviction and sentence.

Graves asserts three challenges to the district court's denial of his motion to dismiss the indictment. The first concerns a criminal complaint the Government filed before the indictment, charging Graves with committing the same robbery later charged in the indictment. Graves contends that the magistrate judge erred in granting the Government's motion to dismiss the complaint under Fed. R. Crim. P. 48(a) because the Government never provided a factual basis for its motion and the district court should have dismissed the indictment to remedy this error. Graves raises this contention for the first time on appeal, and we thus review it only for plain error.[*] *See United States v. Walker*, 934 F.3d 375, 377-78 (4th Cir. 2019). "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected

---

[*] The Federal Rules of Criminal Procedure require certain motions, including motions raising a defect in instituting a prosecution, "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits" and provide that a court can consider an untimely request if the party shows "good cause." Fed. R. Crim. P. 12(b)(3)(A), (c)(3). Graves did not raise his Rule 48(a) claim of error before trial, but we need not decide whether he has shown good cause because, applying the plain-error standard, we affirm. *See United States v. Moody*, 931 F.3d 366, 371 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 823 (2020).

2

his substantial rights." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018). "To be plain, an error must be clear or obvious at the time of appellate consideration." *United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (internal quotation marks and citations omitted). "An error is clear or obvious if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *Id.* (internal quotation marks omitted).

The Government must obtain leave of court to terminate a prosecution by dismissal of a charging instrument. Fed. R. Crim. P. 48(a). "The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam). Although the Government must obtain leave of court, the court's discretion in considering the Government's motion to dismiss is limited. *United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000). "Indeed, the court must grant the [G]overnment's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *Id.*; *see United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995) ("The disposition of a government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal. A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted.").

The Government moved for dismissal of the criminal complaint pursuant to its internal policy against federally prosecuting a defendant for acts that led to a prior state

3

prosecution. *See Petite v. United States*, 361 U.S. 529, 530 (1960) (per curiam). That dismissal request, "based as it was on the *Petite* policy, was motivated by considerations which cannot fairly be characterized as clearly contrary to manifest public interest," *Rinaldi*, 434 U.S. at 30 (internal quotation marks omitted), and, on appeal, Graves does not point to evidence tending to show that the Government moved for dismissal in bad faith.

Nevertheless, relying on *United States v. Derr*, 726 F.2d 617 (10th Cir. 1984), Graves contends that the Government was required to articulate its reasons for moving for dismissal of the criminal complaint and, because it failed to do so, the remedy for that failure is dismissal of the subsequent indictment. *Derr*, however, does not mandate dismissal of a second charging instrument where a prior charging instrument was dismissed on the Government's motion without its reasoning, *United States v. Strayer*, 846 F.2d 1262, 1266 (10th Cir. 1988), and in any event has not been adopted by this Circuit. We thus discern no clear or obvious error by the district court in this regard.

Second, Graves contends that dismissal of the indictment was required by Fed. R. Crim. P. 48(b). The Rule provides that, if there has been unnecessary delay in presenting a charge to a grand jury, filing an information, or bringing a defendant to trial, the court may dismiss the indictment, information, or complaint. Fed. R. Crim. P. 48(b). This court has identified four factors that are relevant to a district court's consideration of a Rule 48(b) motion to dismiss. *See United States v. Becker*, 585 F.2d 703, 708 (4th Cir. 1978). The district court, upon considering these factors, concluded that Graves had not established the requisite unnecessary delay. After review of the district court's ruling and Graves's arguments on appeal, we conclude that the district court did not abuse its discretion in

4

denying Graves's dismissal request. *See United States v. Loe*, 586 F.2d 1015, 1019 (4th Cir. 1978) ("Dismissal under Rule 48(b) is committed to the sound discretion of the district court.").

Third, Graves urges that his prosecution was barred under the Double Jeopardy Clause and the related doctrine of collateral estoppel because he was acquitted in the Commonwealth of Virginia on state misdemeanor charges stemming from the same bank robbery. Reviewing this argument de novo, *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014), we conclude that the district court did not reversibly err in rejecting it, *see Gamble v. United States*, 139 S. Ct. 1960, 1963-64, 1980 (2019) (affirming, under the dual sovereignty doctrine, that the Double Jeopardy Clause allows successive prosecutions by separate sovereigns); *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1870 (2016) ("[T]wo prosecutions, this Court has long held, are not for the same offense [and thus violative of the Double Jeopardy Clause] if brought by different sovereigns—even when those actions target the identical criminal conduct through equivalent criminal laws."); *United States v. Benkahla*, 530 F.3d 300, 306 (4th Cir. 2008) (noting that, in the criminal context, collateral estoppel is part of the Fifth Amendment's guarantee against double jeopardy); *United States v. Ricks*, 882 F.2d 885, 890 (4th Cir. 1989) (holding that collateral estoppel does not apply to successive prosecutions by federal and state governments "because the parties in the two cases are not the same").

Graves also suggests that the common-law doctrine of auterfoits acquit barred the indictment because the prior criminal complaint was dismissed, resulting in an acquittal. Graves, however, does not present this argument in accordance with Fed. R. App. P.

28(a)(8)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). We therefore deem it abandoned. *See EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 122 n.10 (4th Cir. 2018); *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 n.7 (4th Cir. 2015). We thus affirm the district court's denial of Graves's motion to dismiss the indictment.

Graves also appeals from the district court's denial of his motion seeking its disqualification. We review this ruling for abuse of discretion. *United States v. Stone*, 866 F.3d 219, 229 (4th Cir. 2017).

Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." The test for recusal under this provision "is an objective one." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). "[T]he proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.* (internal quotation marks and bracket omitted).

In *Liteky v. United States*, the Supreme Court explained that § 455(a) carries an "extrajudicial source" limitation, under which bias or prejudice must, as a general matter, stem from "a source outside the judicial proceeding at hand" in order to disqualify the judge. 510 U.S. 540, 545, 551, 554 (1994); *see Belue v. Leventhal*, 640 F.3d 567, 572-73 (4th Cir. 2011). Under this limitation, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a

deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Although the extrajudicial source limitation is not "an ironclad rule," a party would "have to meet a high bar to achieve recusal based on in-[proceeding] predispositions." *Belue*, 640 F.3d at 573.

We discern no abuse of discretion in the district court's denial of Graves's motion, which did not rely on an extrajudicial matter. Rather, the motion relied entirely on the district court's comments made in response to Graves's behavior at a hearing on Graves's motion requesting new counsel. Graves's behavior included arguing with and interrupting the district court and mischaracterizing counsel's performance. A judge's "expressions of impatience, dissatisfaction, [or] annoyance" in response to such behavior do not, without more, establish bias or partiality. *Liteky*, 510 U.S. at 555-56. The district court granted Graves's request for new counsel, and Graves has not identified any statements or behavior by the court displaying the requisite antagonism that would make fair judgment impossible. We therefore affirm the denial of the motion to disqualify.

Next, Graves contends that the district court erred in failing to enter a judgment of acquittal because the evidence was insufficient to support his conviction. Graves, however, did not file a Fed. R. Crim. P. 29 motion for a judgment of acquittal on the basis of insufficient evidence in the district court. Accordingly, we review his sufficiency challenge for plain error only. *United States v. Wallace*, 515 F.3d 327, 331-33 (4th Cir. 2008).

We will uphold the jury's verdict if, viewing the evidence in the light most favorable to the Government, substantial evidence supports it. *United States v. Burfoot*, 899 F.3d

7

326, 334 (4th Cir. 2018). In reviewing the evidence, we must ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (internal quotation marks omitted). During this inquiry, we may not "assess witness credibility" and must "assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge must overcome a heavy burden" as reversal is "confined to cases where the prosecution's failure is clear." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) (internal quotation marks omitted). Graves has not met this exacting burden here.

To convict a defendant of armed bank robbery violating § 2113(a), (d), the Government must prove that "(1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank . . . ; (2) the money was taken by force and violence, or by intimidation; (3) the deposits of the [bank] were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device." *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) (internal quotation marks omitted). Graves contends that the Government produced insufficient evidence to identify him as the robber of the bank, but we find this argument unavailing. Two witnesses familiar with Graves identified him as the robber, and the fingerprint analysis expert matched a latent fingerprint on the demand note handed the bank teller to Graves. Further, a DNA expert testified that Graves could not be eliminated as a contributor of the DNA

8

found on a thermal shirt consistent with the shirt worn by the robber that was found along the path that the robber had taken when he left the bank. This evidence, viewed in the light most favorable to the Government, amounts to substantial evidence supporting the jury's determination that Graves was the person who robbed the bank. Graves's case is not one "where the prosecution's failure is clear." *Palomino-Coronado*, 805 F.3d at 130. He thus fails to establish plain error in the jury's verdict, and we affirm it.

Finally, Graves challenges his prison sentence. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In conducting this review, we first ensure that the district court did not commit any significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015) (quoting *Gall*, 552 U.S. at 51); *see United States v. Provance*, 944 F.3d 213, 217-19 (4th Cir. 2019).

If the sentence is procedurally sound, we then review it for substantive reasonableness. *Gall*, 552 U.S. at 51. Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (internal quotation marks omitted). Any sentence that

9

is within or below a properly calculated Guidelines range is presumptively substantively reasonable, and Graves bears the burden of demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

We discern no procedural error in the sentence. Graves suggests that the sentence is substantively unreasonable because it is greater than necessary to achieve the purposes of § 3553(a) in his case. The district court concluded that a 137-month prison term was sufficient, but not greater than necessary, to achieve the purposes of sentencing in Graves's case after weighing the § 3553(a) factors. Whether or not this court may have weighed the § 3553(a) factors differently had it imposed the sentence in the first instance, we defer to the district court's decision that a 137-month sentence achieved the purposes of sentencing in Graves's case. *See Gall*, 552 U.S. at 51 (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the sentence imposed); *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's "discretion to accord more weight to the host of aggravating factors" in defendant's case and "decide that the sentence imposed would serve the § 3553 factors, on the whole"). In light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing a sentence, *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), Graves fails to overcome the presumption that his within-Guidelines sentence is substantively reasonable.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

11