UNITED STATES of America,
Plaintiff-Appellee,

v.

Ignacio Hall VALTIERRA, Defendant-
Appellant.

No. 71-2481.

United States Court of Appeals,
Ninth Circuit.

Aug. 11, 1972.

Rehearing Denied Sept. 11, 1972.

Morton L. Shatzkin (argued), Studio City, Cal., for defendant-appellant.

Stephen V. Wilson, Asst. U. S. Atty. (argued), William R. Hawes, Eric A. Nobles, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, ELY and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

■ Appellant was convicted and sentenced on two counts of unarmed bank robbery, 18 U.S.C. § 2113(a). On appeal he contends the trial court abused its discretion by denying a motion to postpone the trial and a motion to appoint a second psychiatrist to examine him. We find the denial of appellant's motions to be within the discretion of the trial court, and affirm.

On October 29, 1970, appellant robbed a branch of the Wells Fargo Bank, and later that day was arrested shortly after robbing a branch of Western Federal Savings and Loan. Appellant claims he committed the robberies so he could be tried in a federal court. Once in court he intended to tell the world that he had overheard a plot to assassinate President Nixon, thus insuring himself a place in American history.

Counsel for appellant was appointed on November 23, 1970, at which time the court ordered all defense motions be filed by December 7, 1970. Pretrial motions were set to be heard on January 11, 1971. Pursuant to defense counsel's ex parte application on December 21, 1970, two weeks after the date for filing defense motions, a psychiatrist was appointed to examine appellant. The psychiatrist was to determine whether appellant was presently sane; could understand the proceeding against him and could assist in his own defense; and whether he was legally sane at the time of the commission of the offenses

charged against him. The findings of the psychiatrist were reported to the court on January 20, 1971. The psychiatrist concluded the appellant was competent to assist in his own defense and in all other respects was legally sane.

■ During appellant's sanity hearing on January 26, 1971, the date set for trial, his attorney moved the court to appoint a second psychiatrist and postpone the trial until a second examination and report were completed. Under 18 U.S.C. § 3006A(e) the court may appoint a psychiatrist as a defense expert when such services are necessary. The burden is on the defendant to show the services are necessary. The fact that the first psychiatrist finds defendant to be legally sane does not create a necessity that a second psychiatrist be appointed. To hold otherwise could result in the defendant undergoing a series of psychiatric examinations until a favorable psychiatric report was filed with the court. See, United States v. Maret (8 Cir. 1970) 433 F.2d 1064, 1068.

The only reason appellant's attorney gave the court for needing a second psychiatric examination was that the first psychiatrist's diagnosis was invalid because he did not consider a two-year-old report on appellant's mental condition while confined in a mental institution in Springfield, Missouri. The appointed psychiatrist testified that the report would have been of no value in making a psychiatric diagnosis. If appellant's counsel thought the Springfield report should have been considered at the sanity hearing, he had ample time to request and secure a copy for presentation at that hearing. He failed to do so.

The appointment of a psychiatrist is within the discretion of the trial court. Ruud v. United States (9 Cir. 1965) 347 F.2d 321. Likewise, motions for a continuance are also discretionary with the court. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940).

Both of appellant's motions were untimely and unnecessary. Their denial was a proper exercise of the court's discretion.

The judgment of conviction is affirmed.

ELY, Circuit Judge (dissenting):

I respectfully dissent. It is true, of course, that a District Court has wide discretion in respect to the allowance of requested continuances. At the same time, we know that the manner in which such discretion is exercised is reviewable.

Here, the appellant had a long history of severe mental illness and, for such, had been intermittently confined to mental institutions. In these circumstances, it seems to me that the appellant's attorney had reason to anticipate that the opinion of the court-appointed psychiatrist would prove to be contrary to that which the psychiatrist eventually expressed. Within a very few days after receiving the report of the psychiatrist, which, in its conclusion, must have been somewhat surprising to the appellant's attorney, the attorney filed his motion for a continuance.[1] The motion was not opposed by the Government. The supporting affidavit set forth as reasons for the request that another psychiatrist should be appointed and that the medical record of the Government's Springfield medical facility, wherein the appellant had just been confined and under observation for a period of five months, should be obtained. Obviously, these records were important, if for no other reason than to enable adequate cross-examination of the court-appointed psychiatrist. The appellant was an indigent and thus was obviously unable to seek out and employ competent physicians

---

1. The defense attorney received the psychiatrist's report on January 20, 1971. He filed the motion for continuance five days later. The written motion is not included in the record on appeal, but I have obtained it from the Clerk of the District Court and examined it. There are references, in the Reporter's Transcript before us, to the Motion filed on January 25th.

who, with more extensive study, might have confirmed his claim of insanity.

The majority suggests that the defense attorney did not present his motion with sufficient promptness. I do not agree, but if the majority is correct, then Valtierra should have relief in postconviction proceedings under 28 U.S.C. § 2255. The only defense presented was the defense of insanity, and even had the defense not sought to obtain the Springfield records, I would be curious as to why the District Court did not, acting *sua sponte* in the nonjury trial, obtain and review that vitally material evidence. The correctness of the determination in respect to the appellant's sanity necessarily remains uncertain, inasmuch as the District Court had no opportunity to review the most recent medical records, those which, perhaps, were the most comprehensive and enlightening concerning the only critical issue.

I would reverse.