**UNITED STATES of America,**
**Appellee,**

v.

**Robert Theodore BASS, Appellant.**

**No. 72-2715.**

United States Court of Appeals,
Ninth Circuit.

March 27, 1973.

724

Michael J. Lightfoot, Deputy Federal Public Defender (argued), Los Angeles, Cal., for appellant.

Barry Russell, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric Nobles, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY and GOODWIN, Circuit Judges, and SCHWARTZ,* District Judge.

ALFRED T. GOODWIN, Circuit Judge:

Robert Theodore Bass was found guilty of unarmed bank robbery (18 U.S.C. § 2113(a)), and acquitted on a charge of armed bank robbery (18 U.S.C. § 2113 (d)). He contends on appeal that he was prejudiced in presenting his defense of insanity because the district court refused to authorize payment for a thorough psychiatric examination.

Approximately three weeks before the date set for trial, Bass moved for the appointment of a psychiatrist of his choice under the provision of the Criminal Justice Act of 1964 which makes "investigative, expert, or other services necessary to an adequate defense" available to indigent defendants. 18 U.S.C. § 3006A(e). It is conceded that Bass was indigent. His motion was accompanied by an affidavit swearing that Bass's father had died in a mental institution, that Bass had twice attempted suicide, and that he had received treatment for mental problems in prison.

Because this unverified information called into question Bass's competency to stand trial, the court postponed the trial, deferred action upon the § 3006A motion, and, on its own motion, appointed a psychiatrist, Dr. Marcus Crahan, to examine the defendant pursuant to 18 U.S.C. § 4244. This statute, whether or not an accused is indigent, authorizes the court to appoint a psychiatrist to evaluate the present mental competence of the accused to stand trial. The district judge at the same time ordered Dr. Crahan to investigate and report upon Bass's sanity at the time of the alleged offense.

Dr. Crahan examined Bass for one hour. He reported to the court that Bass had told him that Bass's father had

* The Honorable Edward J. Schwartz, Chief Judge, United States District Court for the Southern District of California, sitting by designation.

died in a mental hospital, probably of syphilis, that Bass's mother was mentally defective, and that Bass had a history of three suicide attempts, two mental commitments, and heroin addiction. Dr. Crahan concluded that, nevertheless, Bass was able to understand court proceedings and assist in his defense. Pursuant to the judge's request, but outside the scope of the § 4244 examination, Dr. Crahan also reported that in his opinion Bass was sane, for the purposes of the criminal law, at the time of the offense charged.

The court found Bass competent to stand trial, and Bass renewed his motion under § 3006A(e) for the appointment of a psychiatrist to assist in his defense. Bass again nominated Dr. Michael Coburn. He advised the court that Dr. Coburn had been apprised of Dr. Crahan's evaluation and had stated that before Dr. Coburn could reach a firm conclusion as to Bass's sanity at the time of the offense he would require various neurological and psychological tests for brain damage.

The court granted the motion for Dr. Coburn's appointment as a defense expert. But before Dr. Coburn could examine Bass, the government moved for a second § 4244 competency examination to be performed by a third psychiatrist, Dr. Harold Deering. The court thereupon ordered Dr. Deering to report his opinion on the present and past sanity of Bass. Dr. Deering interviewed Bass, concluded Bass was sane at all relevant times, and reported this to the court.

Bass notified the court that Dr. Coburn, after considering Dr. Deering's report, remained of the opinion that specific neurological and psychological tests were necessary before he could make an accurate determination of sanity at the time of the robbery. Bass objected to any rescission of the order appointing Dr. Coburn. In view of the reports of the two court-appointed psychiatrists the district judge ruled that there was now no need for Dr. Coburn to proceed or to perform any tests.

Bass was then tried to the court on a stipulated statement of facts, and was found guilty of unarmed bank robbery. We reverse because Bass was not given the opportunity to develop his theory of his defense as provided by § 3006A(e).

■■ Where expert services are necessary to an adequate defense the court must authorize them. E. g., Christian v. United States, 398 F.2d 517, 519, 6 A.L.R.Fed. 1001 (10th Cir. 1968). A clear standard for deciding what constitutes "necessity" under § 3006A(e) has not yet been stated in this circuit. We agree with the views of Judge Wisdom, concurring in United States v. Theriault, 440 F.2d 713, 716–717 (5th Cir. 1971). The statute requires the district judge to authorize defense services when the defense attorney makes a timely request in circumstances in which a reasonable attorney would engage such services for a client having the independent financial means to pay for them.

■ The initial affidavit in support of Bass's motion set forth enough facts to require the appointment of a psychiatric expert under § 3006A(e). Bass's family and personal history indicated that an insanity defense might be appriate. His own expert was necessary to assist counsel in the exploration, preparation, and presentation of such a defense. See United States v. Taylor, 437 F.2d 371, 377 n. 9 (4th Cir. 1971). If his client had adequate financial resources, counsel could reasonably be expected to seek the services of an expert in these circumstances. Cf. United States v. Schultz, 431 F.2d 907, 911 (8th Cir. 1970). An indigent defendant is entitled to the same type of service.

■ The appointment of two experts to investigate Bass's competency and sanity did not obviate the defendant's right to his own expert under § 3006A(e). Under § 4244 the court appoints a psychiatrist who examines the accused and reports to the court. The § 4244 expert is expected to be neutral and detached. The § 3006A(e) expert fills a different role. He supplies ex-

pert services "necessary to an adequate defense." He can be a partisan witness. His conclusions need not be reported in advance of trial to the court or to the prosecution. And his services embrace pretrial and trial assistance to the defense as well as potential trial testimony. United States v. Theriault, 440 F.2d at 715.

 Bass requested the appointment of a psychiatrist who was on the district court's panel of psychiatrists qualified and available for the assistance of indigents. It is ordinarily desirable to appoint under § 3006A(e) a psychiatrist preferred by the defendant. If this is not practicable, then the psychiatrist should be one acceptable to the defendant. In any event, the prosecutor should have no influence in the selection. *See* United States v. Matthews, 472 F.2d 1173 (4th Cir., 1973); Report of the Judicial Conference of the United States, 36 F.R.D. 277, 374 (1965).

The government can obtain no help from our recent decision in United States v. Valtierra, 467 F.2d 125 (9th Cir. 1972), for two reasons. First, Valtierra's belated motion for a second psychiatric report was not made until the day of the trial, and granting it would have occasioned substantial delay. Second, Valtierra's motions did not appear to invoke the provisions of § 3006A(e). The second psychiatrist was not requested in order to do anything his predecessor failed to do. No consideration was given to the relationship between § 4244 and § 3006A(e). We held that the court, under those circumstances, had no duty to appoint successive psychiatrists.

Because the procedure followed by the district court deprived Bass of an important right under the Criminal Justice Act, we must vacate the judgment. While we cannot predict the outcome of an examination conducted by a § 3006A(e) defense expert, Bass should have the opportunity to utilize the services of such an expert. The district court should enter an order authorizing the employment of the requested expert.

Reversed and remanded.