AMERICAN SAMOA GOVERNMENT., Plaintiff

v.

MIKA TUVALE., Defendant

High Court of American Samoa
Trial Division

CR No. 104-85

January 23, 1986

Before MURPHY, Acting Chief Justice.

Counsel: For the Plaintiff, Mike Bennett, Assistant Attorney
General
For the Defendant, William Reardon

On January 21, 1986 Defendant in this case moved the court through his attorney, the Public Defender, to appoint an expert to conduct certain tests in preparation of his defense. Defendant further moved the court to establish a rule permitting the appointment of such an expert on the basis of an ex parte motion.

An indigent defendant's Constitutional right to assistance of counsel includes the right to necessary investigative assistance. Mason v. Arizona, 504 F.2d 1345 (9th Cir. 1974); U.S. v. Hartfield, 513 F.2d 254 (9th Cir. 1975). Federal law permits indigent defendants being tried in United States District Courts to move ex parte for the appointment of experts. 18 U.S.C. sec. 3006A(e). The purpose of providing an ex parte procedure is to keep the government from learning of possible defenses. Section 3006A(e) applies only in United States District Courts (U.S. v. Johnson, 22 USCMA 424 (1973)) and is not controlling in this court. It does, however, provide a useful model.

The standard for determining when an indigent is entitled to the appointment of experts under section 3006A(e) has been held to be whether "a reasonable attorney would engage such services

for a client having the independent financial means to pay for them." U.S. v. Bass, 477 F.2d 723, 725 (9th Cir. 1973). This provides a useful guide and, in this case, the court believes that a reasonable attorney might hire the expert Defendant seeks. Therefore, Defendant's motion for analysis of three samples by a laboratory of the defendant's choice is granted.

As to a rule allowing an ex parte procedure, while the court is cognizant of the need for maintaining confidentiality and for ensuring that the government does not learn prematurely of possible defenses it is also concerned that it not be placed in the position of ordering tests and experts that ultimately prove unnecessary. To try to meet both of these concerns the court hereby establishes the following rule.

An indigent defendant who wishes to have an expert appointed or test conducted to assist in preparing his defense may move the court for such an order. The motion shall be served on the Attorney General and a hearing may be noticed and conducted in the usual manner unless notice to the Attorney General will inhibit the defense. If such is the case the defendant shall move the court for an ex parte hearing and the defendant or his attorney shall file with the court an affidavit stating with particularity the need for an ex parte hearing. The affidavit shall describe how the defendant's case will be impaired by the Attorney General's presence at the hearing. If, after an ex parte hearing the court is not satisfied that the order is necessary it may conduct further inquiry into the need for the expert or test. Such inquiry may include an additional hearing with the presence of the Attorney General at which the court may question the Attorney General in order to establish the need for the expert or test. Such further inquiry by the court shall be conducted so as to minimize the chance of disclosing possible defenses.

As to funding for experts, this must be the responsibility of the Executive branch of the Government. Payment presently can be made through the Treasurer's Office. In the future the Public Defender may want to include such a request in his annual budget.