907 F.2d 151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry H. PHILLIPS, Defendant-Appellant.
 No. 89-5686.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1990.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Phillips appeals his judgment of conviction on the ground that the district court erroneously denied his motion for an independent psychological examination under 18 U.S.C. Sec. 3006A(e). For the reasons that follow, we affirm the judgment of conviction.
 
 
 2
 Phillips was convicted of conspiracy to possess cocaine with intent to distribute, conspiracy to distribute cocaine, 21 U.S.C. Sec. 846, distribution of cocaine, 21 U.S.C. Sec. 841(a)(1), and use of the telephone to facilitate the distribution of cocaine, 21 U.S.C. Sec. 843. The government's evidence, which included taped phone conversations and an informant's eyewitness testimony, proved that Phillips had worked with others to possess and distribute the drug. When police burst into Phillips' apartment, they found him standing next to a flushing toilet, his hand wet, a baggie containing cocaine residue in the toilet bowl, and cocaine residue in the water.
 
 
 3
 Prior to trial, Phillips' attorney filed a motion for psychiatric tests to determine whether Phillips was competent to stand trial, and also served notice that Phillips would rely on insanity as a defense. The government sought similar tests to determine both Phillips' competence and his sanity under 18 U.S.C. Secs. 4241(b) and 4242, which the district court ordered.
 
 
 4
 Phillips was examined for six weeks at the federal prison in Butner, North Carolina. Psychiatrists concluded that he was competent to stand trial and that he was not suffering from a mental defect at the time the crimes were committed. The report did note that Phillips was depressed and suffered from dysthymia, a form of periodic depression. Dysthymia, testified one of the psychiatrists who examined Phillips, is relatively common and would not have rendered Phillips unable to appreciate the wrongfulness of his acts. Phillips had, however, tried to commit suicide two months before his arrest.
 
 
 5
 Phillips' attorney moved that the court order a second, independent psychiatric evaluation, seizing on the reference in the first report that Phillips had emotional problems. Phillips also asked the court to order a Brain Electrical Activity Mapping (BEAM) test to explore the effects of a previous gunshot wound he had suffered to his face.
 
 
 6
 The district court denied Phillips' motion for an independent psychiatric evaluation, stating that Phillips had not shown that the results of the first evaluation were erroneous. The court also denied the motion for a BEAM test on the grounds that Phillips had not shown what such an examination would add to those previously conducted.
 
 
 7
 Section 3006A(e) allows a court to authorize the appointment of an independent expert to serve the defendant if he cannot afford one and if expert assistance is "necessary for adequate representation." 18 U.S.C. Sec. 3006A(e) (Supp.1990). Psychiatric evaluations are among those permitted under this section. See United States v. Schappel, 445 F.2d 716, 719 (D.C.Cir.1971). The decision to grant or deny a motion for an expert's services under Sec. 3006A(e) is left to the district court's discretion. See United States v. Goodwin, 770 F.2d 631, 635 (7th Cir.1985), cert. denied, 474 U.S. 1084 (1986).
 
 
 8
 A court should authorize an independent psychiatric evaluation under Sec. 3006A(e) "in circumstances in which a reasonable defense attorney would engage such services for a client having the independent financial means to pay for them." United States v. Alden, 767 F.2d 314, 318 (7th Cir.1984). But the section was not meant to countenance a limitless "fishing expedition" in search of a favorable psychiatric report. See id. at 319.
 
 
 9
 Psychiatric exams performed under Secs. 4241 and 4242 do not obviate the need for an independent evaluation because the experts serve different roles. A psychiatirst appointed under Sec. 4241 is the court's witness; a psychiatirst appointed under Sec. 3006A(e) can assist the defense and need not report his conclusions to the court before trial. See United States v. Bass, 477 F.2d 723, 725-26 (9th Cir.1973). But a finding of sanity by an impartial expert does not compel the court to order an independent evaluation. United States v. Valtierra, 467 F.2d 125, 126 (9th Cir.1972). The court may consider the results of previous tests to determine whether an independent evaluation is reasonably necessary for adequate representation. United States v. Rinchack, 820 F.2d 1557, 1564 (11th Cir.1987).
 
 
 10
 In this case, the district court ruled that Phillips had not shown that the results of the first examination were erroneous, and that he was therefore not entitled to an independent evaluation. Although it incorrectly stated the test, the court did consider the extensive study conducted in the first evaluation which found that Phillips could appreciate the wrongfulness of his actions. Indeed, Phillips himself told a government psychiatrist that he had sold cocaine because his wife needed money for her vacation, and that he knew his acts were wrong.
 
 
 11
 Phillips did not request that the second evaluation do anything the first did not, but proposed only the type of fishing expedition the rule was not meant to allow. He had the burden of showing that expert services were necessary to his defense, and he failed to carry it. See United States v. Valverde, 846 F.2d 513, 517 (8th Cir.1988). Moreover, Phillips' motion for an additional evaluation was not made under Sec. 3006A(e), so the district court was not apprised of his contention that he sought relief under that provision. See Bass, 477 F.2d at 726.
 
 
 12
 The district court did not abuse its discretion by denying Phillips' motion for a second psychiatric evaluation or for a BEAM test. We AFFIRM its decision.