**U.S.**

v.

**Steven G. NUSZ.**

**Crim. A. No. 92–10018–01.**

United States District Court,
D. Kansas.

Nov. 25, 1992.

David M. Lind, Asst. U.S. Atty., Wichita, KS, for plaintiff.

Antonio L. Ortega, Wichita, KS, for defendant.

ORDER

BELOT, District Judge.

Defendant Steven G. Nusz, by his court-appointed counsel, has moved pursuant to 18 U.S.C. 3006A for an order appointing Howard Brodsky, Ph.D., to conduct a psychological evaluation of the defendant for purposes of sentencing. The motion states that the evaluation is necessary because the court detained the defendant following his conviction and, in doing so, expressed a concern that the defendant is or may be a danger to society. Defendant contends that a psychological evaluation would aid the court in imposing a just sentence and that an evaluation "... is necessary in representing the position of Steven G. Nusz at the sentencing hearing."

The defendant was convicted on October 23, 1992 following a jury trial on charges of violating 18 U.S.C. 924(c)(1) and 18 U.S.C. 922(o). The defendant did not raise his competency to stand trial nor did he assert a defense of insanity. Rather, his defense was entrapment and in furtherance thereof, the defendant took the stand and testified following a hearing outside the presence of the jury in which the defendant acknowledged his understanding that he was not required to testify, that the government could not comment on his failure to testify and that the jury would be affirmatively instructed that it could not consider in any way his failure to testify. The defendant gave an entirely lucid and detailed account of his involvement in the offenses. The court observed nothing during the defendant's testimony, nor during any other proceeding in this case, which would indicate or even hint at the possibility that the defendant is suffering from any sort of mental problem.

Following his conviction, the defendant moved for release pending sentence. The court held a hearing and heard testimony. At the conclusion of the hearing, the court ordered the defendant detained pending sentence pursuant to the provisions of 18 U.S.C. § 3143(a)(2). The court observed

that he disagreed with arguments made by defendant's counsel that defendant did not pose a danger to the community or that defendant was unlikely to flee. While the record will reflect the court's exact words, the substance of the court's observation was that defendant, by his own testimony, is a "gun nut" who possessed numerous weapons, including a machinegun; that he had "gotten the drop" on one of the arresting officers and that while the defendant professed that he was not a card-carrying member of the Klu Klux Klan, he nevertheless admitted having business dealings with Klu Klux Klan members. The court also observed that while the defendant had complied reasonably well with the terms of his pretrial release, the defendant's conviction of offenses which carry lengthy prison terms placed the defendant in a different situation in terms of being a substantial flight risk.

*United States v. Sloan,* 776 F.2d 926 (10th Cir.1985) dealt with appointment of a psychiatrist. In *Sloan,* the defendant had raised issues regarding both his competence to stand trial and his sanity at the time of the offense. The government had the defendant examined by a psychiatrist who was prepared to testify at trial. The defendant requested appointment of a psychiatrist to provide evidence at the trial and also to aid defendant's counsel in understanding the report of the government's psychiatrist. The trial court denied the defendant's motion.

On appeal, the Tenth Circuit reversed defendant's conviction and remanded the case for a new trial. Citing *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), the Tenth Circuit observed:

> ... the Supreme Court held that when a defendant makes a preliminary showing that his sanity at the time of an offense is likely to be a "significant factor" at trial, access to the aid of a psychiatrist is mandated by the Constitution. Furthermore, if the accused cannot pay for such aid, the state must provide it for him.
>
> \*   \*   \*   \*   \*   \*

The [Supreme] Court further pointed out that in dealing with the ephemeral aspects of the human mind, the training of a psychiatrist is essential to identify the symptoms of insanity. Thus, the Court continued, when the mental condition of the accused is a *real issue* in the case, the assistance of a psychiatrist to perform an examination relevant to defense issues and to "help determine whether the insanity defense is viable, to present testimony, and to assist in preparing the cross-examination of the State's psychiatric witness" is essential to concept of meaningful access to justice.

Coupling this reason with the mandatory language of 18 U.S.C. § 3006A(e)(1), it is evident when an indigent accused makes a *clear showing* to the trial judge that his mental condition will be a *significant factor* at trial, the judge has a clear duty upon request to appoint a psychiatric expert to assist in the defense of the case. That duty cannot be satisfied with the appointment of an expert who ultimately testifies contrary to the defense on the issue of competence. The essential benefit of having an expert in the first place is denied the defendant when the services of the doctor must be shared with the prosecution. In this case, the benefit sought not only was the testimony of a psychiatrist to present the defendant's side of the case, but also the assistance of an expert to interpret the findings of an expert witness and to aid in the preparation of his cross-examination. Without that assistance, the defendant was deprived of the fair trial due process demands. *United States v. Bass,* 477 F.2d 723 (9th Cir.1973) (emphasis supplied)

In this case, defendant's competency or sanity were not issues in the trial. There is no indication that the government intends to introduce evidence regarding the defendant's mental condition as part of the sentencing phase of the case. Therefore, the defendant will not require the aid of a psychiatrist to interpret the testimony of a government psychiatrist or to give contrary testimony. The issue boils down, therefore, to whether the defendant is entitled to be examined by and/or introduce

testimony of a psychiatrist bearing on the issue of whether or not he is a "danger to society."

In *United States v. Blade*, 811 F.2d 461 (8th Cir.1987) cert. denied, 484 U.S. 839, 108 S.Ct. 124, 98 L.Ed.2d 82, the defendant was facing an increased sentence as a Dangerous Special Offender pursuant to 18 U.S.C. § 3575(e). He claimed that the district court committed error when it refused to appoint a psychiatrist to examine him. The court of appeals made two observations which are significant. First, citing *U.S. v. Schell*, 692 F.2d 672 (10th Cir.1982), the court observed that the determination as to whether or not defendant is dangerous to society is to be made on the basis of his past criminal conduct and not his projected future conduct. Second, the court noted that the district court is generally in the best position to decide, within its sound discretion, whether expert testimony is necessary for an adequate defense. The court stated:

> In support of his application, Blade simply stated that psychiatric evaluation and expert testimony were necessary to show his "present character, state of mind and his position," and his brief states only that the testimony would have "establish[ed] the proper context" for the recent developments in his life. The judge, however, determined that he could be fully informed as to Blade's dangerousness, or lack thereof, by examining his criminal history and by considering the character and reputation of the evidence presented Blade and the government. Blade was perfectly able to, and did, present evidence relating to his progress since his earlier convictions. The district court did not abuse his discretion in concluding that psychiatrist expert testimony was unnecessary.

The court finds that the defendant has failed to show that psychiatric testimony is necessary to assist this court in determining whether or not he may be a "danger to society", assuming that is an issue which the court will address at sentencing.

Accordingly, defendant's motion for appointment of an expert (Doc. 81) is denied.

IT IS SO ORDERED.