FILED

NOT FOR PUBLICATION

SEP 01 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10403 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00057-VRW-1 |
| v. | |
| ELISA MONIQUE LIPKINS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, Chief District Judge, Presiding

Argued and Submitted August 10, 2010
San Francisco, California

Before: GRABER, CALLAHAN and BEA, Circuit Judges.

Elisa Lipkins ("Lipkins") appeals from her sentence for bank robbery on the

ground that the district court abused its discretion when it denied her ex parte

request for funds for a psychologist to examine her in advance of her sentencing.[1]

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [1]    Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

To prevail under the standards set forth in the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1) Lipkins has the burden of showing both that "(1) reasonably competent counsel would have **required** the assistance of the requested expert for a paying client, and (2) [she] was **prejudiced** by the lack of expert assistance." *United States v. Rodriguez-Lara*, 421 F.3d 932, 939 (9th Cir. 2005) (abuse of discretion standard). (emphasis added). We hold that the district court did not abuse its discretion when it determined that Lipkins did not meet this burden and therefore affirm.

We first consider whether the funds for the psychologist were required. *See United States v. Chase*, 499 F.3d 1061, 1066-68 (9th Cir. 2007) (noting that "[t]he court's inquiry into the necessity of services must be specific to the facts of the particular case"). This focus is important because if the test were simply whether reasonably competent counsel would hire an expert if funds were available, the test would be meaningless as the answer would virtually always be yes. In both *Chase* and *Rodriguez-Lara*, we held that the requested funds were necessary because some aspect of the defendants' cases <u>depended</u> on the type of information that only an expert could provide. *See Chase*, 499 U.S. at 1065-68 (funds for expert were necessary in sentencing hearing involving drug estimation because the sentence depended primarily on the quantity of narcotics attributed to the defendant);

2

*Rodriguez-Lara*, 421 F.3d at 946 (finding funds for an expert during trial were necessary where "the defendant has alleged a dispositive defense that is supported in substantial measure by the evidence available, but which cannot be fully developed without the help of an expert").

Here, Lipkins sought funds for a psychologist who, having examined her, might proffer an opinion that might mitigate her sentence.[2] Moreover, unlike the requests in both *Chase* and *Rodriguez-Lara*, Lipkins' request was based on speculation that the expert might have some unspecified effect, rather than on a showing that without the expert's assistance she could not prove a dispositive issue. We note that Lipkins did not raise an insanity defense at trial or argue that any aspect of her sentencing depended on an assessment of her mental issues.

Lipkins' lengthy criminal history encompasses twenty pages of the Presentence Report ("PSR"). The PSR also detailed her extensive history of family issues, personal traumas and reported mental problems. At sentencing, the district court acknowledged Lipkins' personal issues. The court, however, focused

---

[2] Lipkins' ex parte request for funds did not explain her theory for how her asserted mental issues were connected to her criminal activities, stating only that "a psychological evaluation would help determine the appropriate sentence by providing the court with a more complete picture of Ms. Lipkins' prior experiences and mental health challenges." In particular, Lipkins presented no evidence or argument in the request for funds, or in her argument to this court, that her mental issues could cause criminal behavior or recidivism.

on her recidivism and the proper means to prevent future criminal activities which led the court to an upward departure from the range recommended by the Sentencing Guidelines. During the sentencing phase, no one disputed that Lipkins had mental health issues. The PSR recommended that Lipkins should receive mental health treatment as a condition of her supervised release, the government did not object to this recommendation, and the district court ordered the treatment.

In light of the PSR's thorough review of Lipkins' personal history and the district court's consideration of her personal and mental issues, we conclude that Lipkins has not demonstrated that a psychologist was required to address some component of the district court's sentencing determination.

Our second inquiry is whether "the defendant was prejudiced by the lack of expert assistance." *Rodriguez-Lara*, 421 F.3d at 946. "The prejudice cannot be merely speculative; it must be demonstrated by clear and convincing evidence." *Chase*, 499 F.3d at 1068. Unlike either *Rodriguez-Lara* or *Chase*, where we concluded that an expert was necessary and could have been dispositive of a key issue in the case, here there is only speculation that an expert might have been able

4

to dissuade the judge from the upward departure from the Guidelines.[3] Although

Lipkins' burden to show prejudice may be relatively minimal, there is little

evidence in the record to suggest that anything a psychologist could have said

might have made a difference to the district court's sentence, given the district

court's focus on her recidivism despite its awareness and consideration of Lipkins'

personal and mental issues.

Because Lipkins has neither shown that the psychologist was required nor

that she was prejudiced by the lack of assistance, her sentence is **AFFIRMED**.

---

[3] Furthermore, the fact that in the abstract an expert might have been helpful, is insufficient to demonstrate prejudice by clear and convincing evidence. *See, e.g.*, *U.S. v. Becerra*, 992 F.2d 960, 965-66 (9th Cir. 1993) (finding the district court did not err in denying requested funds and noting that in the defendant's "motion for funds, he merely concludes that the tapes will be helpful to his defense. He does not demonstrate with any particularity how they would have aided him. Even on appeal, he makes conclusory statements, not the required showing of prejudice."); *U.S. v. Sims*, 617 F.2d 1371, 1375 (9th Cir. 1980) ("Sims has not shown how his cross-examination of the eyewitness was any less effective without the services of the expert. He also has not shown how the expert could have assisted the defense in any other way.").

United States v. Lipkins, No. 09-10403

GRABER, Circuit Judge, dissenting:

I respectfully dissent.  The district court abused its discretion in two ways. See United States v. Rodriguez-Lara, 421 F.3d 932, 939 (9th Cir. 2005) (holding that we review a decision of this kind for abuse of discretion).

First, the district court did not apply the standard set out in United States v. Chase, 499 F.3d 1061 (9th Cir. 2007).  There, we held that the relevant "'statute requires the district judge to authorize [expert] defense services . . . in circumstances in which a reasonable attorney would engage such services for a client having the independent financial means to pay for them.'"  Id. at 1066 (alterations in original) (quoting United States v. Bass, 477 F.2d 723, 725 (9th Cir. 1973)); see also United States v. Labansat, 94 F.3d 527, 530 (9th Cir. 1996) ("It is unlikely a reasonably competent attorney would have incurred the expense . . . .").  The district court did not ask whether a reasonable lawyer would have engaged a psychological expert here and, for that reason, made no findings and gave no explanation pertinent to the pivotal question.  When a district court fails to apply the correct legal standard, by definition it abuses its discretion.  Koon v. United States, 518 U.S. 81, 100 (1996).

Second, on the merits, a reasonable lawyer with a paying client would have hired an expert to determine the nature and extent of Defendant's present mental

health conditions and to opine as to whether less onerous sentencing options could equally, or better, protect the public. Competent counsel would have done so to try to influence the court to consider alternatives to an above-Guidelines sentence and might have succeeded. Only an expert could have offered a credible opinion (as distinct from the arguments of lawyers) concerning Defendant's current mental health and its relationship to the recommended disposition by the court. In the absence of such information, counsel could not say what the information would be, but certainty is not required in order to establish prejudice.

For those reasons, I dissent.