GRABER, Circuit Judge,
dissenting:
I respectfully dissent. The district court abused its discretion in two ways. See United States v. Rodriguez-Lara, 421 F.3d 932, 939 (9th Cir.2005) (holding that we review a decision of this kind for abuse of discretion).
First, the district court did not apply the standard set out in United States v. Chase, 499 F.3d 1061 (9th Cir.2007). There, we held that the relevant “‘statute requires the district judge to authorize [expert] defense services ... in circumstances in which a reasonable attorney would engage such services for a client having the independent financial means to pay for them.’ ” Id. at 1066 (alterations in original) (quoting United States v. Bass, 477 F.2d 723, 725 (9th Cir.1973)); see also United States v. Labansat, 94 F.3d 527, 530 (9th Cir.1996) (“It is unlikely a reasonably competent attorney would have incurred the expense .... ”). The district court did not ask whether a reasonable lawyer would have engaged a psychological expert here and, for that reason, made no findings and gave no explanation pertinent to the pivotal question. When a district court fails to apply the correct legal standard, by definition it abuses its discretion. Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).
Second, on the merits, a reasonable lawyer with a paying client would have hired an expert to determine the nature and extent of Defendant’s present mental health conditions and to opine as to whether less onerous sentencing options could equally, or better, protect the public. Competent counsel would have done so to try to influence the court to consider alternatives to an above-Guidelines sentence and might have succeeded. Only an expert could have offered a credible opinion (as distinct from the arguments of lawyers) concerning Defendant’s current mental health and its relationship to the recommended disposition by the court. In the absence of such information, counsel could not say what the information would be, but certainty is not required in order to establish prejudice.
For those reasons, I dissent.