**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4826**

UNITED STATES OF AMERICA,

                     Plaintiff – Appellee,

       v.

MARIO ARTHUR GARCIA,

                     Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:09-cr-00066-JPB-DJJ-2)

Submitted:  April 15, 2011             Decided:  May 27, 2011

Before MOTZ, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Joseph Pizzuti, MCCAMIC, SACCO, PIZZUTI & MCCOID, PLLC, Wheeling, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Arthur Garcia appeals his conviction by a jury of distribution of 16.7 grams of cocaine base, in violation of 21 U.S.C. § 841(a) (2006), and his resulting seventy-eight-month sentence.[1]  We affirm.

Garcia first argues that the district court erred in denying his motion to dismiss the indictment for excessive pre-indictment delay.  We review for abuse of discretion a district court's denial of a motion to dismiss for pre-indictment delay.  See United States v. Loe, 586 F.2d 1015, 1019 (4th Cir. 1978).  The Fifth Amendment requires dismissal of an indictment where it is shown at trial that, first, pre-indictment delay substantially prejudiced the defendant's rights to a fair trial and, second, the delay "'was an intentional device to gain tactical advantage over the accused.'"  United States v. Uribe-Rios, 558 F.3d 347, 358 (4th Cir. 2009) (quoting United States v. Marion, 404 U.S. 307, 324 (1971)).  Finding no such showing here, we conclude that this claim lacks merit.

---

[1] The district court initially imposed a sentence of 121 months' imprisonment.  However, upon Garcia's motion for resentencing in light of the Fair Sentencing Act of 2010, Pub. L. No. 111-1220, 124 Stat. 2372, the district court reduced the imprisonment term to seventy-eight months.  The Government does not appeal the reduction in sentence.

Next, Garcia asserts that the district court erred in denying his motion to exclude testimony that he came to West Virginia to sell two ounces of crack cocaine. He argues that the testimony was not necessary to complete the narrative of the offense charged, exceeded the scope of the indictment, and should not have been admitted.

We review a district court's evidentiary rulings for an abuse of discretion. United States v. Blake, 571 F.3d 331, 350 (4th Cir.), cert. denied, 130 S. Ct. 1104 (2010). Rule 404(b) of the Federal Rules of Evidence prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." However, Rule 404(b) does not apply to evidence of acts intrinsic to the crime charged. United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996). Here, the disputed testimony constitutes evidence intrinsic to the crime. Thus, the district court did not abuse its discretion in allowing the challenged testimony.

Turning to the trial, Garcia first argues that the district court erred in declining to provide the jury an instruction on reasonable doubt. The district court did not err. "In this circuit, 'although the district court may define reasonable doubt to a jury [it] is not required to do so.'" United States v. Lighty, 616 F.3d 321, 380 (4th Cir. 2010)

3

(quoting United States v. Walton, 207 F.3d 694, 696-97 (4th Cir. 2000) (en banc)).

Garcia next argues that the district court should have granted him a new trial after the Government elicited testimony regarding a polygraph examination. Garcia also argues that he is entitled to a new trial because the Government's rebuttal argument was improper. We review a district court's denial of motions for a mistrial or a new trial for abuse of discretion. United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008) (mistrial); United States v. Basham, 561 F.3d 302, 319 (4th Cir. 2009) (new trial).

A mistrial should be granted when the district court finds that it has become a "manifest necessity" to stop the trial because some event would prevent the defendant from receiving a fair trial by an impartial jury. See Illinois v. Somerville, 410 U.S. 458, 461 (1973); Sanders v. Easley, 230 F.3d 679, 685 (4th Cir. 2000). Whether evidence of a polygraph test warrants a mistrial depends on "(1) whether an inference about the result of the test may [have] be[en] critical in assessing the witness's credibility, and (2) whether the witness's credibility [was] vital to the case." United States v. Tedder, 801 F.2d 1437, 1444 (4th Cir. 1986). Garcia has failed to establish either element here. Following the reference to the polygraph, the district court clarified that

4

witness had not taken a polygraph test and instructed the jury to ignore the statement, thus avoiding any prejudice to Garcia.

Granting a new trial for prosecutorial misconduct is appropriate where the prosecutor's remarks were improper and "prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999) (internal quotation marks omitted). See United States v. Scheetz, 293 F.3d 175, 186 (4th Cir. 2002) (factors used to assess prejudice). We conclude that the comments Garcia identifies as objectionable did not deprive him of a fair trial. The comments were brief, isolated, and did not have a tendency to mislead the jury.

Garcia also argues that the evidence was insufficient to support his conviction. We review de novo challenges to the sufficiency of the evidence supporting a jury verdict. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). A jury verdict should be affirmed where, "viewing the evidence in the light most favorable to the prosecution, [it] is supported by substantial evidence." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted). Substantial evidence is such "'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Id.

5

(quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

To convict Garcia for distribution of cocaine base, the Government was required to prove that Garcia, "as a principal, (1) knowingly and intentionally (2) distributed (3) [16.7] grams of cocaine base, or that, as an aider and abettor, he knowingly associated himself with and participated in the criminal venture." United States v. Yearwood, 518 F.3d 220, 227 (4th Cir. 2008) (internal quotation marks omitted).

We conclude that the evidence presented at trial is more than sufficient to sustain the conviction. Garcia's co-defendant testified that Garcia had come to the area with two ounces of crack cocaine, looking to make money, and that he had arranged for Garcia to make the sale to another individual, who turned out to be a confidential informant. The testimony of Garcia's co-defendants, law enforcement officers, and the confidential informant provided overwhelming evidence of Garcia's guilt.

Next, Garcia challenges his sentence. We review Garcia's sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. "Improper calculation of a defendant's advisory sentencing range

6

under the Guidelines constitutes significant procedural error." United States v. Clay, 627 F.3d 959, 964 (4th Cir. 2010).

Garcia first argues that his sentence was procedurally unreasonable because the district court held him accountable for two ounces of cocaine base when the indictment charged him with possession of only 16.7 grams. Section 1B1.3(a) of the U.S. Sentencing Guidelines Manual ("USSG") (2009) specifies that the base offense level is to be determined by considering the offense of conviction and relevant conduct. "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008). We will not overturn such factual findings unless they are clearly erroneous. United States v. Jeffers, 570 F.3d 557, 570 (4th Cir. 2009).

Here, the indictment charged Garcia with distributing 16.7 grams of cocaine base, authorizing a maximum sentence of forty years' imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii) (2006). Evidence adduced at trial was sufficient for the district court to hold Garcia accountable at sentencing for two ounces of cocaine. Based on distribution of 56.7 grams (two ounces) of cocaine base, Garcia's Guidelines range was 121 to

7

151 months (later reduced to 78 to 97 months), well below the maximum authorized by statute. Accordingly, the district court did not commit procedural error in holding Garcia accountable for 56.7 grams of cocaine base.

Garcia also contests the district court's application of a two-level obstruction of justice enhancement. See U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2009). Garcia contends the application of the enhancement constitutes punishment "for his simple denial of guilt."

This court reviews the factual findings underpinning application of a sentence enhancement for clear error. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). Section 3C1.1 of the Guidelines provides for a two-level increase in the offense level "[i]f . . . the defendant willfully obstructed or impeded, or attempted to instruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense." The provision covers perjury. USSG § 3C1.1 cmt. n. 4(b). A defendant commits perjury "if [he] gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). A perjury enhancement must be upheld if the district court "makes a finding of an obstruction of, or impediment to, justice that

8

encompasses all of the factual predicates for a finding of perjury." Id. at 95.

Garcia's presentence report recommended that he be given an obstruction of justice enhancement because he testified falsely concerning a material issue. Garcia has not argued that his testimony was affected by confusion, mistake, or faulty memory. Accordingly, the district court did not err in applying the obstruction of justice enhancement.

Finally, Garcia argues that the district court failed to address what he identifies as a Kimbrough[2] issue — whether the sentencing disparity between crack and powder cocaine "yields a sentence greater than necessary to achieve [§] 3553(a)'s purposes." This issue implicates both the procedural and substantive reasonableness of his sentence. See Gall, 552 U.S. at 50-51; United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010) ("Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."); United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (stating

---

[2] Kimbrough v. United States, 552 U.S. 85 (2007), held that sentencing courts may conclude that application of a 100-to-one crack to powder ratio produced a sentence greater than necessary under 18 U.S.C. § 3553(a) (2006), and may deviate from the Guidelines on that basis.

9

district court must address nonfrivolous arguments presented by parties in order for sentence to be procedurally reasonable).

Here, Garcia's oblique reference to the crack/powder disparity did not require the district court to specifically address the argument. Garcia mentioned the disparity in passing in his sentencing memorandum and did not raise the issue at the sentencing hearing. Therefore, the district did not procedurally err. Further, Garcia fails to rebut the presumption of reasonableness this court accords to a sentence within a properly-calculated Guidelines range. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). Moreover, the district court opted to sentence Garcia in accord with the newly-enacted Fair Sentencing Act, rather than the then-applicable Guidelines range, so the court did not consider itself bound to apply the crack/powder cocaine ratio dictated by the Guidelines. We therefore conclude that his sentence is not substantively unreasonable.

Based on the foregoing, we affirm Garcia's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

10